Good morning, Mr. Carroll. Good morning, Your Honor. I would like to reserve three minutes for rebuttal. May it please the Court. The only way the defendant, Ms. D'Amore, can be determined to have legal rights to Peter Cooper's IRA is if the beneficiary designation that he made back in 2003 when they were married is still legally enforceable. That is the only document in this case that gives her any claim of right. Excuse me. I think we have spent a long time going through this case, trying to figure it out. You have your choice about how you're going to do argument. You've got your merits argument, which you're starting to make that the district court committed error on a summary judgment. You also present two other arguments in your brief. One is totally independent, and that is the discipline order against you, the sanctions order, was an abuse of discretion. I'm sort of interested in the sanctions order and why you would say it's an abuse of discretion. And let me tee it up for you. It is true that the Delaware charter agreement at some point becomes of lesser importance in light of subsequent events like Delaware charter going out of business and then the new agreement. The sanction order is about your firm having failed to call to the court's attention and perhaps failed to provide in discovery to the other side that particular charter agreement. So at the time, it seemed rather important to everybody, including to your opponent and including to the district court. So you don't get out of the sanction order by saying, well, in the end, the case doesn't turn on that. All right. So can you tell us why you think this is an abuse of discretion? Because that's an awfully hard standard of review. I understand. I'd be happy to address that. And I also want to make clear, we were retained and I got involved in this case after all of these sanction orders were entered. So they were not entered against me or any conduct of my firm personally. Well, with regard to the sanction order, the fundamental basis of the sanction order is that there was some deception carried out on behalf of my client, my side, on the court and the other side. And that there was some failure to disclose the Delaware charter document, which that's assumed for the sake of this discussion. Well, drawing it in a tape with thousands of documents couldn't be rationally thought not to be adequate disclosure. Where can I find the text of the order that the district court actually relied on? Do you know where that is on the text of it? Which order is it? The district court explained the particular reasons for imposing that. Which I thought was Rule 26 was violated or Rule 40. He identified specific grounds. Yeah, it's in, I believe, Your Honor, if you look at the back of our brief, there is... So many little orders that I'm having trouble finding. Yeah, there was an order, I believe, that was in the docket. And it was on December... David, if you want it, here it is. Okay, I just want to have it so I don't follow along. No, this is the summary judgment order. And the actual order where he says that they were in violation of... That's in the docket. It's docket entry number 135. And it was entered on... Is that an addendum to your brief? Yes, and it's February 1st of 2006. Do you know what page that is? Addendum 16. And it's docket entry 135 on February 1st. Okay, great. Thank you. I've got the last paragraph. So back to the point, and I think the question that you had asked me, Judge Lynch, was whether or not the turning over of the docket, and I think your words were used, were buried in the disc was somehow not adequate disclosure. Let me be clear. Well, the district court found it wasn't adequate. What's the abuse of discretion in that? Okay, the basis for the findings for sanctions are that there was either a violation... And it was a sanction order entered under Rule 37. So there had to be some fundamental violation of either Rule 20... some rule of federal civil procedure. And the only two applicable rules here are Rule 26 and Rule 45. Rule 26 is the automatic disclosure, which puts an affirmative obligation on a party to disclose evidence that they intend to rely on during the case. Rule 45 puts an affirmative obligation on a party to provide notice to the other side whenever a third-party subpoena is issued. Those are the operative rules that govern the conduct of attorneys with regard to discovery. Is there a continuing obligation to... Yeah. Absolutely. Why isn't that rule applicable? That's Rule 26. And the continuing obligation is that if in the course of a case you come across a document or information that you intend to rely on and it's several months into discovery and it was after you had done your initial disclosures, if you find in the document that you intend to rely on subsequent to that, you still have a continuing obligation to turn it over. Is it limited to evidence that you are going to rely on or does it include evidence that is relevant to whatever may have been... No. The rule provides that it is evidence that you intend to rely on in support of your case. So I want to get back to Judge Lynch's question because it's an important one. And I want to be clear that there's no deception here when the document that's in question here we got from a disc that was provided by a third party and it was an original disc. We got the disc in response to a subpoena that was issued. When the document comes to us, the actual original discs were then turned over to the other side. They weren't our documents. We didn't create it. We didn't create the discs. That doesn't matter. You knew about it. You knew about it early on in the case, if not even before the case was brought and the allegations in any event. Suppose the judge had said, I understand technically under Rule 26, as long as you didn't think you were relying on it, you didn't have to give it. And I relied on Rule 45. Under Rule 45, I didn't do anything. I don't think you had any actual obligation to do anything there because under Rule 45, all you had to do was notify them of the subpoena. It was up to them to then ask for it. Suppose technically you complied with Rule 26 under Rule 45 and the district judge instead said, notwithstanding your technical compliance with those, as just my management of this litigation, everybody knew that it would have been extremely helpful to the court for me to understand that there was a document of this kind. And despite that, you didn't give it to me. Okay. Would that be an abuse of discretion? Yes, it would. And here's why. Okay. Before you get to that, was that in fact the order the district court gave or the district court's order and order based on his reading of Rules 26 and 45? I believe it was based on his reading of the strict requirements of Rules 26 and 45. I don't. Okay. And we can address your point if you think it was an abuse of discretion. Just so I get that, the order that you're relying on for that proposition is the thing you just pointed me to in Addendum 16, the last paragraph? Because I just don't see a sanctation to Rule 26 or 45 in that paragraph. Well, okay. So I think where you get to where he ultimately has the order, there was an initial request, and this was back when he invited the motion for sanctions, he made clear that the motion for sanctions was not going to be based on a Rule 11 basis and that it was going to be based on a Rule 37 basis. And that means that there had to be some violation of one of the federal rules. I see. Okay. And let's accept your premise, which I think is the right one, that there was no technical violation of the rule. So now we're into the realm of did he think that using his discretion, was there some other basis to sanction? I'm just saying under Rule 37 there is not. And I'm saying under Rule 37 there is not. So he wanted to sanction again using some other rule, and since that record shows he was relying on Rule 37, he just made an error of law. Correct. Okay. But getting back to the abuse of discretion issue that Judge Lynch asked me about, and this is critical, if you're going to determine that there was some attempt to mislead the court, and I think the court came to the conclusion that there was a waste of time because of the whole decision of the summary judgment that he determined under Illinois law, was predicated on the fact that there was a trust, but they couldn't identify the trust agreement. And after that decision comes down, the other side, Mr. Moran's counsel, produces this template which they say there needs to be a reconsideration of that order because there's newly discovered evidence that wasn't available to us at the time that the arguments were made, and on that basis we're entitled to have this argument recurred. But now you need to look at what exactly it is that they produced to create the issue for reconsideration. They produced a template that if you just look at the template itself on its face, it cannot be the document that is identified in the application. The application says... Can I step back? You're sort of going to the reasons that would justify the failure to inform the court of the existence of this document during the summary judgment proceedings. Courts tend to rely on the arguments from both sides. Here your opponent says, gee, we didn't know about this document during the time period of the summary judgment. And so the absence of the document was material to how the judge handled it. The judge says, I feel like this document should have been brought to my attention. And in fact, had it been brought to my attention, I would not have entered that summary judgment ruling. Whether right or wrong, how has he abused his discretion by saying, this is my view of how all of this came out? Circuit courts have to be very careful about reversing district court orders about how a case is run. And when the judge implies, I don't know if he said directly, I feel like I was misled. What basis do we have to say, no, you weren't misled and you shouldn't have sanctioned people? The discretion afforded to a district court judge has to be grounded on some basis. And that's what the rules of civil procedure are for, that there have to be some reasonably defined guidelines that govern the conduct of counsel. And if we're operating in the sphere of this argument, that there hasn't been an overt violation of any rule that's laid out, in other words, there hasn't been a violation of Rule 26, and there hasn't been a violation of Rule 24, that has to be the guidepost that centers his discretion. He can't go and exercise... I think you're saying that he couldn't make those findings because there simply is no way to read those rules to make this a violation. Absolutely. Maybe there is some other discretionary inherent supervisory power authority he would have had to issue a sanctions order, which we could have separately reviewed for a piece of discretion. But since he claimed to be operating under his authority under Rule 37, we have to find an actual violation of a rule. You're saying he simply could not identify one. I don't know if that's right, but if I understand yours, he may have been perfectly justified in feeling like somebody should have brought this to his attention. Your reading of the rule is that he's mad at the wrong party. Because you say as long as they got everything they needed, Rule 26 puts no obligation on you to put forward the document since you weren't relying on it. If the other party didn't think to put it forward until as late as they did, that's on them, not on him. Correct. He does have discretion to make factual determinations that would support his sanction order, but he has to ground those determinations into some violation of one of the rules. My point is, one, he didn't do that, and two, on the facts, there's no basis for him to do that.  All right. What if the operating premise that implicit in this order is a finding of the violation of Rule 26, that it should have been disclosed? Are you arguing that district judges are obligated to make a specific finding of fact before they can exercise this discretion? I'm not saying that, but I'm saying that if they do make a decision and that they make a sanction order based on a violation of Rule 26, there has to be some evidence that there was an actual violation. Excuse me. In addition, okay, I take that argument. You may be wrong, you may be right, I don't know. But what the judge says is that throughout the summary judgment process, plaintiff was in possession of an authenticated copy of the Delaware Charter document while leading defendant and the court to believe that such a document did not exist. That's sort of independent of Rule 26. You misled me. You represented to the court there was no such document, or I took your pleadings to be such a representation, and it turns out it's wrong. Well, two things on that. The document that he identified as being authenticated was not authenticated for the purpose that he found it to be authenticated for. What I mean by that is that the document we're talking about from Pinnacle Financial Group, which was the predecessor to Delaware Charter, the alleged violation was a document that was provided with a cover letter from the legal counsel from Delaware Charter, which said this was a template that Delaware Charter used in 2003, but we cannot with any certainty whatsoever say that this document, this template, was actually the template that applied to this IRA account. You're saying there was an error of law about the judge calling this an authenticated copy? Absolutely. But suppose a judge could reasonably have viewed it as an authenticated copy, and you have to concede he reasonably could have viewed it that way. But then that becomes a disputed question of fact. That's a factual issue, and it's a disputed material fact as to whether or not that document applied or not. Let's say he made a determination as he did. Did you ask for a hearing? Yes, we asked for several hearings. At the point you were first accused of making a misrepresentation. Absolutely, and we did not have a hearing. Can I just say something that I'm not fully understanding? The way this order ends that you point me to on 16 and 17 of your brief, under these circumstances the court will entertain a motion for reasonable costs and fees attributable to plaintiff's failure to make a full disclosure. So that's not the order imposing the sanction. The order imposing the sanction was entered in February. Where was that? So we need to see what he actually based the sanctions on. That was one document from 135 on February 1st. Is that in your brief? That's the addendum that we looked at earlier, page 16 of the addendum. The thing that it ends, maybe I'm just misreading it. The court will entertain a motion for reasonable costs and fees attributable to make a full disclosure. Defendant is to submit a motion for costs and fees. You're looking for the actual order. So that's entered 142 on February 16th where they enter the order of 74,000 grants in part and denies in part. What does he say? All he says is that it's attributable to plaintiff's failure to provide defendant a copy of the Delaware trust agreement authenticated by the principal trust company. Did that motion, which he then asked them to give, and now he's now issuing an order on it, give any ground for the order apart from Rule 37? No. He made clear that he wanted to be under Rule 37. So he's saying he got a motion under Rule 37, he ruled on a motion under Rule 37. So the only way that this order can be legitimate is if it complies with Rule 37. Absolutely. And then he's saying that requires a violation of the rule, which he said it was not. Right, and you can't have, and his discretion ends with finding that there's been some violation of the rules, because otherwise the rules of federal procedure don't mean anything. Excuse me, the order says plaintiff lapsed in her discovery obligations when she failed to provide the defendant a copy of the documents she received. And the discovery obligations are grounded in federal civil procedure. That's a flat finding of a violation of the rules. And then it goes on to say that, the unsupported theory was a significant aspect of the summary judgment process, going again to the theory that it affected the court's deliberations. Right? That's what the judge found, yes. Right, and then it imposes half the cost. And that's in response to a Rule 37 motion? A Rule 37 motion, and it was explicitly... In that motion, what were the rules identified as the ones that were violated? Rule 26 and Rule 45. Okay, and those are the only two identified in that motion? So you need that ruling to be an order saying the discovery obligations that you violated were the ones set forth in the motion, Rule 26 and Rule 45. So we just need to look at 26 and 45 and see if there was a reasonable basis for concluding they were violated. If they are, you are stuck. If you're not, maybe you have a good argument. Right, and one, there isn't a reasonable basis to determine that there was a violation, but two, you can't make that determination until you actually look at the document itself. Because he's laying importance on this document as if to say that this document was the linchpin to how this case should be decided. And to do that, you have to actually look at the document and say, is this the document... But I thought, if I understand, your reading of Rule 26 and 45 makes that irrelevant. I do. My point is there is no violation of Rule 26, there is no violation of Rule 45. Even if this was a document saying, this is the trust agreement. Even if this is the document that says, this is the trust agreement, no question about the charter, and even if that were the case, there is no violation of the rule. Can I ask one last question about how you read Rule 26? If there was in fact a document that screamed out, this is the trust document of all trust documents, and counsel decides, I don't want to rely on that. I'll rely on something else that's clearly not the trust document. I'm going to make an argument that goes away from that document and minimizes the significance of it. You're allowed to do that on Rule 26, even if it's just patently obvious that what you're doing is ridiculous. It may be, but my point is the Federal Rules of Civil Procedure exists to provide a level playing field for litigants. It doesn't guarantee that the quality of litigation that you get is equal. And so the documents that we have in this case, we have equal access to. We made an argument that that document didn't have any relevance for a number of good grounds for why that document had nothing to do with it. You did not disclose the document and make an argument that was not relevant until the other side disclosed the document. And there's no reason why the other side, one, couldn't have found it because they were on notes that the subpoena had issued. Two, they got the exact document on a disk that we got, and we were able to find it. And three, there was a decision that they made as to how they wanted to argue the case. And we submit that they actually knew about the document based on the time records that they had submitted because they were researching Delaware law, and the only reason they were researching Delaware law is because they had that document, because that document is the only tie for Delaware law in this case. We submit that there's a legitimate question of fact as to whether they had that document, and if they had submitted it, it would have come against their summary judgment argument, which was that there was no trust in existence. I directed you in the direction of the sanctions order at the beginning of the argument. I'd like to now go back to the merits of the summary judgment decision by the court. What strikes me is that the court seems to have relied on the Delaware document to enter summary judgment, and yet even the defendant does not present an argument that that was the operative document at the time. The defendant relies on a different document that specifies that Illinois law applies. It kind of looks like the district court didn't ever get to those questions. So are you asking for a remand to the district court to reconsider the summary judgment, given the amount of money that's already been spent on this case? No, Your Honor. We're saying that there's an independent basis under Florida law for granting summary judgment in favor of the district court. Which you want us to reach, even though some of the arguments you make on appeal you never presented to the district court. No, we actually did present the Florida law argument at the district court. I disagree. Yes, you presented a different Florida law argument. There were two Florida law arguments. The second Florida law argument was that the revocation upon divorce statute in Florida absolutely applied to this. And we don't have, or do we have, an opinion from the district court on that issue? No, because what the district court did, so yes, the district court initially when it granted summary judgment, summary judgment was granted on the basis of the application of Illinois law and determined that the revocation upon divorce statute in Illinois applied and therefore when Mr. Cabrera and Mr. Mora were divorced in 2006, that statute obliterated the beneficiary designation. What happened, so that was, and it was determined that there was enough evidence of a trust, even though there wasn't any trust agreement in the record, there was enough evidence of an intent to create a trust that brought it within the scope of the Illinois statute and it was revocated. What happened was on the motion for reconsideration, the judge got hooked around this issue of that there wasn't a proper disclosure. Using the framework that he had set up that granted summary judgment in the plaintiff's favor, he went right back into that narrow framework and said, no, if there is a trust agreement, it's Delaware law, not Illinois law, and therefore there's no revocation statute in Delaware, I find for the defendant. On reconsideration filed by my predecessor, raised, Your Honor, we disagree with that, but moreover, we raised other arguments in our initial summary judgment brief, including the fact that the Florida revocation upon divorce statute applied and not Illinois. You only get to Illinois if you determine that the Florida revocation statute doesn't apply. But that was an argument that was made, and he disposed of that on the motion for reconsideration in early December when he said that any argument about the Florida revocation upon divorce and there was a breach, he says that should have been a claim brought against Mesereau, not against Ms. DeMorae, but that statute can't be breached because the whole genesis of that statute was enacted by the Florida legislature in response to a Supreme Court decision that was between beneficiaries. Has this case gone through the CAMP program? With Judge Kane? Yes. It has, Your Honor. Okay. I follow that last, not the CAMP point, but what was raised and what wasn't raised. Every argument in your brief you say was raised in the initial summary judgment motion. Correct. The Florida stuff was just not considered because he found few on the Illinois. They went through for reconsideration on the grounds that the Delaware trust document governed. He concludes that's correct. In your opposition to the motion for reconsideration, did you repeat the Florida argument? I believe, yes. The opposition for the motion for reconsideration focused on, one, the basis for the reconsideration, again, because of Delaware charter, but two, there were other bases for which summary judgment should have entered for a claim. Those include the same one? It includes 732-703, which is the Florida revocation upon divorce statute. The way you're putting it makes me think that maybe you're suggesting that it's slightly different than the way you put it in the brief. I don't believe that. If I suggested that, I did not intend to suggest that. Well, there are different kinds of Florida law arguments where all the Florida law arguments put forward are being put forward in the opposition to the motion for reconsideration. Yes. Okay. Then after he comes against you and he now says, wait, actually it should be Delaware, he grants the motion for reconsideration. Grants their motion for reconsideration. Did you then file again? Yes, file another motion for reconsideration. And in that motion for reconsideration, you repeat all the same Florida arguments? Correct. And then he disposes of the Florida revocation upon divorce statute argument by saying that that could only apply to a claim against Minnesota. Did they file an opposition to your motion for reconsideration? They didn't contend that anything you were raising in that was something you couldn't raise. I don't remember either. I can find out. I have to read the briefs. Thank you. Good morning. Good morning. I'd like to call the court's attention to page 19 in our addendum. Ironically, it's the same document in addendum page 22 in the plaintiff's brief. The third, this is an order by Judge Stearns dated February 1, 2016. This is one of the orders on imposing the sanctions. The first sentence begins, plaintiff lapsed in her discovery obligations when she failed to provide the defendant a copy of the order in place. The third sentence is one I wish particularly to call the court's attention to. Plaintiff compounded this error by arguing to the court during summary judgment that Illinois law rather than Delaware law, as indicated by the trust instrument, governed the trust. That is what they did. Now, in my brother's presentation, an opportunity did not arise as to why Illinois law such a big deal in this case. It is because of plaintiff's entire theory below. Fifteen times in their papers to the district court, fifteen times, they argued the miserable financial climate free agreement is the trust. That is a brokerage agreement for an IRA account. And for this IRA account, there were two sets of agreements when Peter Cooper opened the account in 2003. One was a client agreement, the brokerage agreement with Mesereau Financial. In order for this to qualify as an IRA account, a separate arrangement needs to be made under Internal Revenue Code Section 408. It creates a trust. Are you now arguing the merits of your case or are you talking about the sanctions order? Both. Why is this relevant to the sanctions order? That is just an argument that you disagree with their view of the case. Their view of the case was that that was the trust document. So the question, I think, for the sanctions issue is, first, what was the basis for the sanctions order? You read that sentence. If that sentence was in response to a Rule 37 motion that relied on violations of Rule 26 and Rule 45, the question is, is there any violation of Rule 26 or Rule 45? Yes, but the reason they were regular is because for an IRA account, there are two relationships. What is the violation of Rule 26 and Rule 45? What was the Rule 26 violation? An essential element of this plaintiff's case was to prove the trust that existed over the IRA account. So you have an account and this managed. That was natural financial. And you have a custodial arrangement for the IRA. It can either be a true trust, which is what the argument was for Illinois law to apply, or it can be a trust simply under the Internal Revenue Code, which is not a true trust. The argument made below was that this was a true trust, which would have brought the Illinois Trust and the Dissolution of Managers Act into place, which would have meant, and this is why they did it 15 times, that under that statute, upon divorce in 2006, the IRA beneficiary automatically lapsed. But the relationship of the IRA account, was it simply custodial or was it a true trust? I think you're not contesting that Rule 26 only imposes an obligation to disclose as to that information that the party intends to rely on for their case. Yes or no? That's what the language says. What I intend you to be saying is, it was so obvious that their case depended on this other trust and not the one they contended was a trust that they violated the rule. Yes. Do you have any precedent for suggesting that the perspective we take in reading Rule 26 and the obligation for them to only disclose what they rely on is from the perspective of whether abstractly they should have relied on something else rather than what they actually were going to rely on, what they contend is the thing that they're going to rely on for their case? I'd have to rely on the obligation of parties to operate in discovery and good faith, and that goes to my second point. One worry about that is you kind of take away from plaintiffs or parties their choice of the case to make. Well, it goes to the issue of what is an essential element of the plaintiff's case. An essential element of this plaintiff's case was to prove what was their trust. And their view of what would be the evidence to prove that is different than yours. And it seems a little strange to read Rule 26 to require the other side to adopt your view of what evidence would prove that essential element. And, Mike, Your Honor, that is not based on the account documents in place in this case a matter of interpretation for this plaintiff, because the account documents in this place clearly identify Delaware Chartered IRA Trust Agreement, which is a separate instrument from the Mesero Financial Claim. It is a separate document. It is not possible. It is just not possible for anyone to say they are the same document. Or at least the District Court seems to have adopted your view in finding that there was a violation of Rule 26. And further, that in the summary judgment proceedings, as they are teed up originally, this was a material document which had not been disclosed to you earlier. And, Your Honor, part of our argument was in that summary judgment that this trust, whatever the arrangement was, was an essential element of plaintiff's case, and that aspect of the case was not proven, and therefore they were not entitled to summary judgment. What seems strange about this reading of Rule 26 is, if you are right, they are going to get a pretty big sanction for doing what they did. They are going to lose. Because on your account, they are relying on a ridiculous document to prove an essential element. But you are saying separately, not only are they going to lose, they have an obligation to disclose up front that we should lose. No, if an essential element of a plaintiff's case, as is the case here, to prove a legal relationship that existed, which arises from an instrument, and they have that instrument, and they do not disclose it because they decide they don't want to rely on it. That, I don't think, is at all permissible reading of the discovery. That's what I'm saying. Is there any case law that suggests that we're not yet? The second point I'd make is, when we got all of this stuff,  one of the documents in the case of the plaintiff's counsel spent, I think, over 40 hours scanning these things with a disk that was specifically encoded. We served timely discovery, set the terms of the trial, any documents concerning the trust at issue. There is no way that the Delaware Charter Trust document that they had, that they couldn't have been interpreted as related to this trust. And is that, that's a violence of what rule? That would be a new rule in the Senate. Because we had specific discovery requests, and part of the reason we did that, which is in our materials, is we were asking ourselves, bearing in mind you have a broker's agreement, you have a beneficiary designation form that refers to a specific trust instrument. But see, I take you as the language, and the language that you're relying on, this is going to be the same point in a way, right? When you say, I want the trust agreement, your contention is that's the Delaware Charter. Their view was, that's not. So what are we supposed to do with that in terms of whether they violated the rule? If you had said any document that could conceivably be considered a trust, that would be different than if you just said, I want the trust document. Well, they say, that's not the trust document. So what have they done wrong? I'm not saying this is the conclusion. Why isn't that a bad question rather than a bad answer? If the request is for all documents concerning the IRA trust, which is what the discovery sought, all documents or plea state deterrents concerning the IRA trust. Your contention is this is not such a document. And you have the beneficiary designation form that is appended to the complaint that names the Delaware Charter IRA trust agreement. And as the plaintiff, you have that document. You have it. I see. Okay. The deception that I think Judge Stearns picked up on, and you have that document. You don't disclose it. Now, for me, this is a very disappointing episode. And so when this erupted, and I would just point the court to three letters I wrote there in the record to plaintiff's counsel before we proceeded on reconsideration, we were prepared to think this was some sort of mistake. And I would refer the court to those letters and the responses. It was very disappointing to see because it indicated this was not an issue of interpretation. This was not an interpretation, and we disagreed on how this would work. And further, if you look at what the plaintiffs relied upon, which was an email from a messaging employee that indicated various things, this is what the trust needs to ask. That didn't indicate at all, in fact, that they didn't have the trust agreement, the Delaware Charter trust agreement, to prove. I'm sorry, I misspoke. That indicated they did not have the Delaware Charter trust agreement that the plaintiff claimed they were looking for, which told the plaintiffs there was such a document that was separate from the Nesero client fee agreement that 15 times they said was the trust and could not be the trust. Can I move you now to the merits of this summary judgment? So plaintiffs had four theories. First question. Should we remand to the district court for resolution of the question given the district court's apparent reliance on the Delaware Charter agreement, which all of you seem to agree one way or another was superseded? No. And there's no remand necessarily. Why? Suppose a district court articulates an impossible theory that no other party agrees with. Why not remand? Even you don't argue the Delaware Charter agreement disposes of a case. You think a later document which specifically references Illinois law is the dispositive document. When the IRA trust arrangement shifted from Delaware Charter to Nesero Financial, Nesero Financial converted the account and established, and I believe, Your Honor, this is the document you're talking about, the Delaware Charter custodial agreement. The Delaware Charter custodial agreement also provides Illinois law applies. But under that arrangement, under Illinois law, I'm sorry, the Nesero Financial custodial document, which governs the custodial arrangement from 2010 forward, states clearly Illinois law applies. And under Illinois law. And you want us to decide the Illinois question, which the district court did not get into in its deliberations on the merit. You don't need to do that, Your Honor, because the plaintiffs in this case moved for summary judgment on the basis that Florida law applied and that Illinois law applied. And Judge Stones made it very clear in his rulings that their claims concerning the disposition of the funds by Nesero were a claim against Nesero, not against Ms. Duarte. And we would have to affirm that, correct, in order to rule in your favor. You would, and you should, because the allegation against Nesero, that is buried in the plaintiff's case, is that, but with Nesero not joined as a defendant, is that the plaintiffs were entitled to this payment. If I understand what you're saying, though, if we just remanded because the judge erred on the Delaware charter issue, not taking account of the fact that it resigned, does that mean we would be leaving in place the conclusion that the Nesero-Florida claim, that the Florida claim was just a claim against Nesero? It should have been just a claim against Nesero. If we just remanded on the crown that Judge Lynch was identifying, would that be the same as leaving in place the district court's ruling in your favor on the Florida issue? Well, I believe it would. Yeah, so we have to, you know, in a sense, to really... Since that issue is being appealed to us, the fact that he reached an erroneous conclusion on 2003, that wasn't the whole of his ruling that they were appealing. He also reached this conclusion about the Nesero document, so we have to decide that. I know you'd like us to affirm it, Dave would like us to reverse it, but I guess it's not that we can't really decide that piece of the case. You would have to reach that piece of the case. How can we avoid reaching that piece of the case? Because the allegations in the case concerning the payment to Ms. DuBois are on the basis of the marital relationship and the dissolution of the marriage and whatever carried with it, whether she was or was not entitled, that she's a lawful recipient of the... You said we can avoid deciding that piece of the case because we should reach some other piece of the case. But our question was, can we avoid reaching all of these pieces of the case? Well, the docket shows that the plaintiff moved to amend their complaint. No, no, just answer yes, no. It should not and need not be remanded. If the plaintiff has claims against Nesero, the plaintiff can and should bring those claims against Nesero. The claims against Alyssa DuMore are fully and finally resolved by the district court's decision. Judge Stern's order doesn't indicate and the plaintiffs do not indicate that those rulings as to Mr. DuMore are incorrect and an affirmance of the lower court's decision as to the disposition as to Nesero only means that the plaintiffs can go and file against Nesero because then it becomes a claim against you. I'm hopeful that you will affirm. Okay. I refer the court to the lawyer, and I thank you for your time. Thank you. I want to pick up on something that Beau mentioned. It was in response to your question about the significance of the Delaware Charter document and why that was an essential part of the analysis by the district court. Is this going to the merits or going to the sanction order? It actually goes to both. Because you can't unwind the sanction order from the merits because in order to find that there's a sanction, you have to find it. You'd better get to it quickly. You've got three minutes. No, he took two and a half. Two twenty-nine. My brother made the argument that the Delaware Charter document should have been a significant part of our case because he says it was an essential element of our argument that there was a trust created. The argument that we made, there's no dispute that the application that's set forth from the beneficiary was made in reference to a trust agreement from Delaware Charter. We don't dispute that. What we do dispute is that the actual template that turned up in this case was that document because on its face, it isn't. I mean, for a very clear reason, the application makes reference to a trust agreement that has a dispute resolution in Article 12. The template that is an issue here doesn't have an Article 12. The dispute resolution is actually in Article 5, paragraph 5.8g. So whatever you think about the existence of a trust agreement, wherever it is, it's not the template. That's number one. Number two, notwithstanding the fact that we couldn't find the template because it was 2003 when this account was opened, Mezero didn't have a document because it had undergone a change in ownership. Pinnacle Financial owned Delaware Charter. So we're talking about changes of ownership. The documents had been lost from 10 years earlier. So we went with the best argument we had, which was that there was evidence of a trust. And in the state of Davis, which is the Illinois statute that applies the revocation by the beneficiary of that designation on divorce, said that you can either establish through a trust or set up other in this year of reliability. The judge found in his decision that there was a lack of a basis to determine that there was a trust. And their argument was that, their argument to some of the judges was we had to prove an essential element in our case and come up with a trust agreement. We didn't do it and we should have lost. The judge said, no, that's wrong. And both sides agreed that Illinois law should apply. Can I just ask you one question? The argument that counsel made about Rule 37 violation because there was a discovery request of documents, I don't quite know how you phrase it, relating to the trust. Suppose it said, are all documents relevant to the determination of the trust? And we didn't have that. So we only had to discover. Sorry. Sorry. I apologize. If one reasonably concluded, I know you say you couldn't, if one reasonably could conclude that this Delaware trust document would have been responsive to that request and it was not handed over, that's a Rule 37 violation? No, it's not. Yes, it's not. If we had the document, it would be. But that was the whole issue in this case. Nobody had this document. No, I'm saying the template. If one could have read the question, the discovery request to include the template, and it's not handed over, that's a Rule 37 violation, yes? If there was a discovery request that came to the Coopers and said, do you have this document? The answer to that question is no, we don't have it. But then we say, well, we're doing a third-party discovery to check with other entities that might have this document. We are sending a subpoena under Rule 45, which we give you notice of, and we're doing it to both Pinnacle and to Mesereau, and we turn it over when they ask us, do you have the stuff from Mesereau? We gave it to them. They knew we served a subpoena to Pinnacle. They didn't ask for that. And the reason they didn't ask for that, and this is an important part about the merits as to why this document is or isn't important, in September, while SOTYJ was being briefed, Mr. Murray's counsel came to us and said, this is an institutional trust arrangement, it's not an individual trust arrangement, so whatever trust agreement between Delaware Charter and Mesereau existed, it doesn't apply on an individual basis to Mr. Cooper's account. That was their strategic decision to make to not make that argument. It had nothing to do with them not having the document. Sorry, thank you. Thank you. Thank you.